**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| JAMES HAYWARD LESTER | CIVIL ACTION NO. 15-2008 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DISTRICT ATTORNEYS OFFICE CADDO PARISH, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Dale Cox's ("Cox") unopposed Motion for Summary Judgment (Record Document 74) under Rule 56 of the Federal Rules of Civil Procedure regarding Plaintiff James Hayward Lester's ("Lester") suit alleging federal constitutional violations under 42 U.S.C. § 1983, Louisiana constitutional violations, and state tort claims against Cox. For the reasons stated in the instant Memorandum Ruling, Cox's Motion for Summary Judgment is hereby **GRANTED**, and all of Lester's claims against Cox are **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

The history of this case predating the instant Memorandum Ruling is lengthy and complex, spanning across three years and eleven defendants. With the exception of Cox, all claims against the defendants have been dismissed via a Rule 12(b)(6) Motion to Dismiss or a Rule 56 Motion for Summary Judgment. See Record Documents 49, 50, 51, 52, 60, 61, 63, 64, 71, and 72. The Court hereby adopts by reference the factual and procedural backgrounds set forth in the aforementioned rulings.

Lester's allegations against Cox primarily concern Cox's comments emailed to *The Inquisitor*. More specifically, Lester alleges that the publication was defamatory, resulting

in a deprivation of federal and state constitutional rights, loss of business, and an intentional infliction of emotional distress. In response, Cox has submitted an unopposed Motion for Summary Judgment (Record Document 74) under Rule 56 of the Federal Rules of Civil Procedure. Lester has not filed an opposition to Cox's Motion for Summary Judgment. On May 7, 2018, this Court issued a "Notice of Motion Setting" (Record Document 75) giving Lester 21 calendar days to file an opposition. To date, no opposition has been filed. Thus, all the material facts set forth by Cox have not been controverted and are hereby deemed admitted. See Record Document 74-2. Such facts include:

- Defendant was employed by the Caddo Parish District Attorney's office as a fulltime Assistant District Attorney beginning on March 1, 2009.

- Defendant did not participate in the investigation of James Hayward Lester prior to criminal charges being filed.

- Defendant emailed a local newspaper, *The Inquisitor*, that published his comments stating that the District Attorney's office dropped Lester's home improvement fraud charges because the evidence showed that Lester had done a significant amount of work on the houses, that Lester's quality of work could not meet the requisite burden of proof, and that the District Attorney's office pursued a charge based on an omission from Lester's licensing application.

- Defendant based his statements to *The Inquisitor* on the arrest affidavit and state trooper report.

- Defendant believed his statements to be truthful and supported by the state trooper report.

- Defendant did not assist, supervise, or participate in obtaining an arrest warrant for Lester.

Record Document 74-2 at ¶¶ 1, 5, 8-9, 13-17.

The instant Memorandum Ruling will address Lester's remaining claims that have survived Cox's Rule 12(b)(6) Motion to Dismiss. See Record Documents 51, 52. Thus, the Court will analyze Lester's federal defamation claim pursuant to Section 1983;

Lester's Louisiana state law claims for defamation and a violation of Article I, Section 2 of the Louisiana Constitution;[1] and the merit of Cox's qualified immunity defense.

## II. LAW AND ANALYSIS

### A. The Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. This rule provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "a party asserting that a fact cannot be or is genuinely disputed must support the motion by citing to particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." Fed. R. Civ. P. 56(e)(3).

In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

---

[1] In a previous Rule 12(b)(6) ruling, this Court reasoned that Lester had stated a claim for defamation under Section. See Record Document 51 at 22. "Thus, he has also stated a defamation claim under Louisiana law." Id. This Court further stated:

> To the extent that Lester seeks to base his Louisiana Constitutional violations on Cox's alleged defamation, only La. Const. Art. I, § 2 has any relevance to the injuries suffered as a result of the alleged defamation, as § 2 states that "no person shall be deprived of life, liberty, or property, except by due process of law."

Id.

477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations and citations omitted). If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See id. at 325, 106 S. Ct. at 2554; see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d at 1075. Additionally, in deciding a summary judgment motion, courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts." Id. Courts "do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.

Rule 56 states that "a party asserting that a fact . . . is genuinely disputed must support the assertion by citing to particular materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Once the party seeking to establish that there is a genuine dispute as to a material fact has cited to such materials, the opposing party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56. "At the summary judgment stage, materials cited to support or dispute a fact need only be *capable* of being presented in a form that would be admissible in evidence." LSR Consulting, LLC v. Wells Fargo Bank, N.A., 835 F.3d 530, 534 (5th Cir. 2016) (emphasis

in original). However, if a nonmovant "fails to answer by counter affidavits or otherwise, demonstrating specific facts showing there exists a genuine issue for trial, the court should enter that summary judgment which the law applied to the facts presented by the moving party will support." Securities and Exchange Commission v. Spence & Green Chemical Co., 612 F.2d 896, 900 (5th Cir. 1980).

**B.     Qualified Immunity in 42 U.S.C. § 1983 Claims.**

Section 1983 authorizes the assertion of a claim for relief against a person who, acting under the color of state law, allegedly violated the claimant's rights under federal law. See 42 U.S.C. § 1983. Section 1983 actions are generally brought against persons acting under the color of state law in their individual capacities, but these persons are often protected from liability by qualified immunity. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation." Ashcroft v. Iqbal, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953 (2009) (internal quotations and citations omitted). In fact, a qualified immunity defense is truly "an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009).

Once the defendant raises a qualified immunity defense, the plaintiff carries the burden of demonstrating the inapplicability of qualified immunity. See Floyd v. City of Kenner, 351 F. App'x 890, 893 (5th Cir. 2009). First, the court must determine whether the plaintiff demonstrated a genuine dispute of material fact as to a violation of a constitutional right. See Pearson, 555 U.S. at 232, 129 S. Ct. at 816. Second, the court must determine whether the constitutional right at issue was "clearly established" at the time of the defendant's alleged misconduct. Id. at 232, 129 S. Ct. at 816. A defendant who can validly raise a qualified immunity defense will enjoy its protection so long as the

allegedly violated constitutional right was not clearly established at the time of the violation. See id. In other words, the defendant can only be held liable if he violates a right that is clearly established at the time of the violation.

### C. Qualified Immunity under Louisiana State Law.

As it concerns the doctrine of qualified immunity under Louisiana state law, the Supreme Court of Louisiana explained that though the Louisiana Constitution creates a private right of action against those who violate rights secured thereunder, those who act under color of state law in doing so are entitled to the protection of qualified immunity from liability for violations of the Louisiana Constitution. See Moresi v. State Through Dept. of Wildlife and Fisheries, 567 So.2d 1081, 1091-95 (La. 1990). In so holding, the Court applied the same standard as federal law for deciding whether a person's actions are protected by qualified immunity. See id. at 1094. Thus, Louisiana applies the same standard as federal law for deciding whether an official's actions are protected by qualified immunity.

#### i. Analysis of Lester's Defamation Claim under 42 U.S.C. § 1983.

Section 1983 has different pleading requirements for defamation in comparison to Louisiana tort law. "To establish a Section 1983 claim based on injury to reputation, plaintiff must show a stigma *plus* infringement of some other interest." San Jacinto Sav. & Loan v. Kacal, 928 F.2d 697, 700-01 (5th Cir. 1991) (emphasis in original). To allege that a "stigma" has occurred, "a claimant must prove that the stigma was caused by a false communication" from "concrete, false factual representations or assertions." Id. at 701 (emphasis added). The "infringement" requirement is met when the plaintiff proves that "the state sought to remove or significantly alter a life, liberty, or property interest

recognized and protected by state law or guaranteed by one of the provisions of the Bill of Rights that has been incorporated." Id. at 701-02 (emphasis added). The Supreme Court has noted that "any harm or injury to [reputation], even whereas here inflicted by an officer of the State, does not result in deprivation of any 'liberty' or 'property' recognized by state or federal law." Paul v. Davis, 424 U.S. 693, 712, 96 S. Ct. 1155, 1166 (1976). Indeed, "the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment." Id. at 706, 96 S. Ct. at 1163.

Under Section 1983, Lester has failed to establish the stigma requirement of the defamation pleading.  Lester claims that the allegedly libelous comments made to *The Inquisitor* resulted in a loss of business and a stained reputation. See Record Document 39 at 12-15. However, Cox's uncontested affidavit, which has now been deemed admitted, establishes that Cox's emailed comments were based on the arrest affidavit and the state trooper report and that he believed his statements to be truthful and supported by the state trooper report.  The affidavit demonstrates that the comments were factual, truthful, and therefore not libelous.  Lester has not met his burden to go beyond the pleadings and designate specific facts in response to Cox's affidavit.  There is no competent summary judgment evidence to show a genuine issue of material fact on this issue; thus, Lester has failed to prove defamation's stigma requirement under Section 1983.

Lester has also failed to demonstrate in accordance with Rule 56 that the state sought to remove or alter one of the rights guaranteed by the Bill of Rights required by

the infringement element. Lester broadly claims that Cox's comments deprived him of his constitutional and civil rights, but has only specified that he lost business with the City and other contracting opportunities. Following *The Inquisitor*'s publication, Lester's Fourteenth Amendment right to operate a legitimate business remained intact, as Cox's comments did not prohibit the public from patronizing his business. See San Jacinto, 928 F.2d at 697. Lester has failed to show a genuine issue of material fact regarding how his constitutional rights were violated. Thus, he has not fulfilled the necessary "infringement" element for defamation.

### ii. Analysis of Defamation Claim under State Law.

Lester has also failed to state a claim for defamation under Louisiana law. The four elements necessary to establish a defamation cause of action under Louisiana tort law are:

1) a false and defamatory statement concerning another;
2) an unprivileged publication to a third party;
3) fault of negligence or greater on the part of the publisher; and
4) resulting injury.

See Costello v. Hardy, 864 So. 2d 129, 139 (La. 2004). In order to satisfy the first element, the plaintiff must produce evidence that the defendant:

1) knew the statement was false and that it defamed the other,
2) acted in reckless disregard of these matters, or
3) acted negligently in failing to ascertain them.

See Kennedy v. Sheriff of East Baton Rouge, 935 So.2d 669, 681 (La. 2006). Additionally, to prevail on a defamation action, the plaintiff must prove that the defendant acted with actual malice. See Badeaux v. Southwest Computer Bureau, Inc., 929 So.2d 1211, 1218 (La. 2006). In order to meet the burden of proof for actual malice, the plaintiff must show that the defendant's publication was made with a "high degree of awareness

of probable falsity" or "entertained serious doubts about the truth of his publication." See Tarpley v. Colfax Chronicle, 1994-2919 (La. 2/17/95), 650 So.2d 738, 740 (citing Harte-Hanks Communications, Inc., 491 U.S. 657, 667, 109 S. Ct. 2678, 2686 (1989)).

Cox's affidavit, which is uncontroverted and has been deemed admitted, easily defeats Lester's state law defamation claim. The Court finds that the comments published in *The Inquisitor* were neither false nor defamatory because they were based on factual information from the official case report. See Record Document 74-2. Lester has not met his summary judgment burden because he has failed to establish how Cox acted negligently or in reckless disregard when conveying the allegedly libelous information to *The Inquisitor*. See Tarpley, 650 So.2d at 681. Likewise, Lester has neglected to produce competent summary judgment evidence that Cox acted with actual malice when he provided comments to *The Inquisitor*. Summary judgment in favor of Cox is, therefore, appropriate as to Lester's defamation claim under Louisiana tort law. See Sassone v. Elder, 626 So.2d 345, 351 (La. 1993).

### iii. Analysis of Due Process Claim under State Law.

Finally, this Court finds that Lester's due process claim under the Louisiana Constitution fails as a matter of law. The Fifth Circuit has noted that "[t]he Louisiana Constitution provides the same due process protections as that of the United States Constitution." Cripps v. Louisiana Dep't of Agric. & Forestry, 819 F.3d 221, 232 (5th Cir. 2016). As noted in Section II(C)(i) of the instant Memorandum Ruling, Lester failed to show how his constitutional rights, more specifically rights guaranteed by the Bill of Rights, were infringed. Applying this same legal standard and rationale, this Court finds that Lester has failed to demonstrate how Cox's comments have infringed on his right to

due process of law under the Louisiana Constitution. Thus, summary judgment in favor of Cox is appropriate as to Lester's due process claim under the Louisiana Constitution.

### iv. Analysis of Cox's Qualified Immunity.

As the Assistant District Attorney, qualified immunity was available to Cox at the time of making his statement to *The Inquisitor*.[2] See Coleman v. Houston Indep. Sch. Dist., 1 F.3d 528, 532-533 (5th Cir. 1997) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). Once the defendant raises a qualified immunity defense, the plaintiff carries the burden of demonstrating the inapplicability of qualified immunity. See Club Retro LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009). "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." Pearson v. Callahan, 555 U.S. 223, 244, 129 S. Ct. 808, 823 (2009). When analyzing whether a defendant is entitled to qualified immunity, a two-part test must be applied. First, the Court must determine whether the plaintiff demonstrated a genuine dispute of material fact as to a violation of a constitutional right. Id., 555 U.S. at 232, 129 S. Ct. at 816. Second, the Court must determine whether the constitutional right at issue was "clearly established" at the time of the defendant's alleged misconduct. Id. Summary judgment must be granted if Cox's actions were objectively reasonable in light of clearly established law. See id. at 244, 129 S. Ct. at 822 (The qualified immunity inquiry turns on "the objective legal reasonableness

---

[2] Contrary to Lester's allegations (See Record Document 42 at 2-5), Cox was not the First Assistant District Attorney prior to criminal charges being filed, nor did he participate in Lester's investigation. See Record Document 74-2. In fact, Cox did not act as Assistant District Attorney until May 16, 2012, three years after the majority of Lester's allegations took place. See id. The exhibits referenced in Lester's amended complaint mention the acting District Attorney and Assistant District Attorney at the time but do not acknowledge Cox in any way. See Record Document 42 at 2-5.

of the action, assessed in light of the legal rules that were clearly established at the time it was taken").

Lester has failed to demonstrate how qualified immunity is inapplicable to Cox's actions in this matter. Lester argues that Cox is not protected by qualified immunity because he advised police on falsifying evidence; yet, Cox did not participate in the investigation prior to criminal charges being filed. See Record Document 39 at 5; Record Document 74-2. This Court finds that Lester's assertions are unsubstantiated and bear no concrete evidence or information to oppose Cox's statement of the facts. Lester has not satisfied his summary judgment burden. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

Furthermore, as indicated *supra*, the Court held that Cox's comments did not deprive Lester of any rights guaranteed by the United States or Louisiana Constitution. Notwithstanding, even assuming that a constitutional violation was present, this Court finds Cox's comments to objectively reasonable. In his statements to *The Inquisitor*, Cox reported the procedural history of Lester's criminal charges. He provided a factual explanation for dropping the fraud charges. The Court holds these statements were an objectively reasonable presentation of information for the public interest pertinent to Cox's role as the then acting Assistant District Attorney. Thus, Cox is entitled to qualified immunity as to all of Lester's claims brought against Cox as the Assistant District Attorney.

## III. CONCLUSION

Based on the foregoing analysis, the Court holds that Lester has not met his summary judgment burden of proof. Lester failed to prove how his constitutional rights were violated for a defamation claim under both Section 1983 and the Louisiana

constitution. Furthermore, the Court holds that Cox is entitled to qualified immunity, as his actions were not objectively unreasonable in light of clearly established law at the time of the conduct in question.

Accordingly,

**IT IS ORDERED** that Cox's Rule 56 Motion for Summary Judgment (Record Document 74) is **GRANTED**. All of Lester's claims against Cox are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 16th day of July, 2018.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT